IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DARIUS JARQUES DENNIS                                                           PLAINTIFF

v.                                                            CIVIL ACTION NO.: 5:13-cv-57-MTP

RAYMOND BYRD and LARRY LEE                                              DEFENDANTS

## OPINION AND ORDER

THIS MATTER is before the Court on the Motion for Summary Judgment [45] filed by Defendant Larry Lee and the Motion for Summary Judgment [49] filed by Defendant Raymond Byrd. Having reviewed the submissions of the parties and the applicable law, the Court finds that the Motions [45] [49] should be granted.

## BACKGROUND

On April 17, 2013, Plaintiff Darius Jarques Dennis, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983. In his complaint and as clarified in his testimony at the *Spears*[1] hearing, Plaintiff alleges that on December 12, 2012, a violent incident occurred at the Wilkinson County Correctional Facility ("WCCF") which resulted in an inmate being stabbed.[2] According to Plaintiff, Defendant Raymond Byrd and Investigator Artist[3] interrogated him regarding the incident. Plaintiff alleges that, during the interrogation, Byrd and Artist assaulted him and threatened to poison him if he reported the assault. Plaintiff also alleges

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Plaintiff's claims arose while he was incarcerated as a post-conviction inmate at WCCF. Plaintiff, however, is currently incarcerated at the South Mississippi Correctional Institution ("SMCI").

[3] Plaintiff originally named Investigator Artist as a defendant, but at the *Spears* hearing, Plaintiff voluntarily dismissed Investigator Artist from this action.

1

that Byrd and Artist denied him the opportunity to be seen by medical professionals following the assault. *See* Omnibus Order [36].

According to Plaintiff, he was issued four false Rule Violation Reports ("RVRs") for the stabbing and placed on "lockdown" (administrative segregation). Allegedly, Plaintiff remained on "lockdown" for twenty days before all four RVRs were dismissed without a hearing, and he remained on "lockdown" after the RVRs were dismissed. According to Plaintiff, he sent a letter to Defendant Larry Lee (Mississippi Department of Corrections Contract Monitor for WCCF) informing him about the assault and the false RVRs, but Defendant Lee did not respond or rectify the situation. Plaintiff allegedly sent a second letter to Defendant Lee, and as a result, Defendant Lee confronted Plaintiff and instructed him to stop writing letters because Plaintiff's issues were unimportant. *Id.*

Plaintiff claims that, as a result of Defendants actions, he was kept on "lockdown" and deprived of opportunities to see his family. Plaintiff seeks compensatory and punitive damages from the Defendants. On February 25, 2014, Defendant Lee moved for summary judgment, and on March 3, 2014, Defendant Byrd moved for summary judgment. On July 14, 2014, Plaintiff responded to the Motions for Summary Judgment.

**STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment must be rendered "after adequate time for discovery and upon motion, against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322-23.  The movant bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id*. at 323.  The burden then shifts to the nonmoving party to go beyond the pleadings and designate, by affidavit, depositions, answers to interrogatories, or admissions on file, specific facts showing that there is a genuine issue for trial. *Id*. at 324.

At the summary judgment stage, the Court must consider the facts in the light most favorable to Plaintiff. *Scott v. Harris*, 550 U.S. 372, 378 (2007).  "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 Fed. App'x 666, 667 (5th Cir. 2012).

## ANALYSIS

**Exhaustion of Administrative Remedies**

Defendants argue that Plaintiff failed to exhaust his administrative remedies on certain claims.  Indeed, at his *Spears* hearing, Plaintiff conceded that he did not file a grievance through the Administrative Remedy Program ("ARP") regarding the allegations that Defendant Byrd assaulted him, threatened to poison him, and denied him medical treatment.  According to Plaintiff, he only filed an ARP grievance regarding his placement on "lockdown." *See* Omnibus Order [36].

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983.

"Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). The Fifth Circuit held that "[s]ince exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*. at 272. Because exhaustion is an affirmative defense, Defendants bear the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Id*. at 266.

The Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement. *Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)). The "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Exhaustion is mandatory, irrespective of the relief sought by Plaintiff. "[A] prisoner must now exhaust all administrative remedies even where the relief sought–monetary damages–cannot be granted by the administrative process." *Woodford*, 548 U.S. at 84 (citing *Booth v. Churned*, 532 U.S. 731, 739 (2001)).

In his response [62], Plaintiff invites the Court to exercise its discretion and consider his claims despite that fact that he failed to exhaust his administrative remedies. However, "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory." *Id*. at 85 (citing *Booth*, 532 U.S. at 739). The Fifth Circuit has confirmed that "the PLRA pre-filing exhaustion requirement is mandatory" and that "district courts have no discretion to waive the

4

PLRA's pre-filing exhaustion requirement." *Gonzalez v. Seal*, 702 F.3d 785, 787-88 (5th Cir. 2012)

Because Plaintiff failed to exhaust his administrative remedies concerning his allegations that Defendant Byrd assaulted him, threatened to poison him, and denied him medical treatment, Plaintiff may not proceed with these claims in this cause of action. Accordingly, these claims should be dismissed without prejudice.

**Due Process**

Plaintiff's remaining claims relate to the alleged false RVRs and his confinement in administrative segregation. Plaintiff's allegations amount to a claim against Defendants for violations of his due process rights. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotations omitted). In determining whether there has been a due process violation, courts consider (1) whether there has been a "liberty or property interest which has been interfered with by the State," and, if so, (2) whether that process was "constitutionally adequate." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990).

Protected liberty interests "are generally limited to state-created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). A prisoner's liberty interest protected by the Due Process Clause is "generally limited to freedom from restraint which . . . imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). The protection afforded by the Due Process clause does not extend to every adverse or unpleasant condition experienced by an inmate. *Madison*, 104

5

F.3d at 767.

Plaintiff alleges that he was issued false RVRs, placed in administrative segregation, and held there after his RVRs were dismissed. These allegation, however, do not amount to atypical and significant hardships in relation to the ordinary incidents of prison life. "[A]dministative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *see also Sharp v. Anderson*, 2000 WL 960568, at *1 (5th Cir. June 15, 2000) (concluding inmate's claim that he was kept in administrative segregation for 112 days after he was found not guilty of a disciplinary charge did not implicate the protections of the Due Process Clause); *King v. Sims*, 2009 WL 2497154, at *5 (S.D. Miss. Aug. 14, 2009) (finding that reclassification, reassignment, and loss of commissary, phone, and visitation privileges did not constitute a violation of plaintiff's constitutional rights).

In his response, Plaintiff argues that he has a constitutional right to his custody status. The law does not support Plaintiff's argument. "A reduction in class or a change in custody status does not implicate a liberty interest protected by the Due Process Clause." *Kennedy v. Enler*, 2014 WL 2761556, at *2 (S.D. Miss. June 18, 2014) (citing *Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000), *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)).[4]

Plaintiff's liberty interests were not infringed upon by the punishment he received as a result of the RVRs. Thus, Plaintiff has not suffered a violation of his due process rights cognizable under Section 1983. Accordingly, Defendants are entitled to judgment as a matter of

---

[4] Plaintiff also argues that Defendants' actions constituted violations of MDOC policy. Plaintiff, however, does not explain how the policy violations infringed upon his liberty interests. Furthermore, "a prison official's failure to follow the prison's own policies, procedures, or regulations does not constitute a violation of due process . . . ." *Myers v. Kelvenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

law.

Furthermore, Plaintiff's claim that Defendant Lee failed to respond to his complaints does not give rise to a constitutional claim. *See Dehghani v. Vogelgesang*, 226 Fed. App'x 404, 406 (5th Cir. 2007) (holding that plaintiff's allegation that warden failed to adequately investigate his grievance did not amount to a constitutional violation); *Charles v. Nance*, 186 Fed. App'x 494, 495 (5th Cir. 2006); *Woodland v. City of Vicksburg*, 2006 WL 3375256, at *3 (S.D. Miss. Nov. 21, 2006) (holding that a claim for failure to investigate did not amount to a constitutional violation).

Although Defendants have raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise establish a claim, then the defendant is entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1993) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)); *see also Sappington v. Bartee*, 195 F.3d 234, 236 (5th Cir. 1999). Because the Court finds that the Plaintiff's claims are not cognizable as constitutional claims, it need not address the issue of whether the Defendants are entitled to qualified immunity.

## CONCLUSION

For the reasons stated above, the Court finds that Defendants' Motions for Summary Judgement [45] [49] should be granted.

IT IS, THEREFORE, ORDERED that:

1. Defendant Larry Lee's Motion for Summary Judgment [45] is GRANTED,

2. Defendant Raymond Byrd's Motion for Summary Judgment [49] is GRANTED,

2. Plaintiff's claims against Defendants for violations of his due process rights are dismissed with prejudice,

3. Plaintiff's claims against Defendant Byrd for excessive force and denial of adequate medical care are dismissed without prejudice, and

4. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED this the 29th day of July, 2014.

              s/ Michael T. Parker
              United States Magistrate Judge